UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANELLE SCOGGINS,<br><br>    Plaintiff,<br><br>    v.<br><br>TURNING POINT OF CENTRAL CALIFORNIA, INC.,<br><br>    Defendant. | Case No.  1:22-cv-01542-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE AND COMPLY WITH A COURT ORDER<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Plaintiff Danelle Scoggins proceeds *pro se* and *in forma pauperis* in this civil action filed on December 1, 2022. (ECF No. 1). On March 3, 2023, the Court screened Plaintiff's complaint, concluding that Plaintiff failed to state any cognizable claims. (ECF No. 4). The screening order directed Plaintiff to either file a First Amended Complaint or notify the Court in writing that she wished to stand on her complaint, within thirty days. (*Id.* at p. 10). Plaintiff has not followed either course of action and the deadline to do so has passed. Because Plaintiff has failed to prosecute this case and comply with the Court's order, the Court recommends dismissal of this case without prejudice.

1

## I. BACKGROUND

Plaintiff's complaint generally alleges that unsafe living conditions, including mold and exposed wired, have caused physical injuries and emotional distress. Plaintiff also alleges that she is a victim of housing discrimination based on disability in violation of the Fair Housing Act. Further, Plaintiff alleges that she is the victim of retaliation due to her attempts to prosecute her FHA claims. Plaintiff's complaint names as defendants Falcon Court/ Turning Point of Central California, Inc. and Turning Point of Central California, a government agency.

On March 3, 2023, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 4, p. 9). The Court provided Plaintiff with relevant legal standards regarding Federal Rule of Civil Procedure 8(a), discrimination under the Fair Housing Act, retaliation under the Fair Housing Act, breach of the implied warranty of habitability, and breach of the implied covenant of quiet enjoyment. (*Id.* at p. 4-9). The Court gave Plaintiff leave to file to file an amended complaint "no longer than 20 pages (including exhibits)", or in the alternative, notify the Court that she intended to stand on her complaint. (*Id.* at p. 9-10). The Court advised Plaintiff that if she chose to stand on the filed complaint, the Court would issue findings and recommendations to a district judge recommending dismissal of the action consistent with the Court's screening order. (*Id.* at p. 10). Finally, the Court provided that failure to comply with the screening order "may result in the dismissal of this action." (*Id.*)

## II. ANALYSIS

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff has failed to file an amended complaint or otherwise notify the Court that she wants to stand on her complaint as required by a court order. Allowing this case to proceed further without any indication that Plaintiff intends to prosecute her case is a waste of judicial resources. *See Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("The court will not continue to drag out these proceedings when it appears that plaintiff has no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiffs' failure to comply with a court order that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and fails to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from unnecessary expenditure of its scarce resources. (*See* ECF No. 4). Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

### III.     CONCLUSION AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to prosecute and comply with the Court's order; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **April 26, 2023**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

4